IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ALYSE MAYER                                                                                    PLAINTIFF

v.                                            CIVIL NO. 21-5198

KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                                                              DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Alyse Mayer, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her current applications for DIB and SSI on January 22, 2019, alleging an inability to work since October 30, 2018, due to post-traumatic stress disorder, anxiety, a back injury, depression and bipolar disorder.  (Tr. 86, 205, 207). An administrative telephonic hearing was held on February 16, 2021, at which Plaintiff appeared with counsel and testified. (Tr. 48-80).

1

By written decision dated April 2, 2021, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 20). Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine status post anterior cervical discectomy and fusion at C6/7, degenerative disc disease of the lumbar spine at L4/5, vasovagal syncope, anxiety, depression and post-traumatic stress disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 20). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except can only occasionally reach; no working around, heights, dangerous machinery or operating a motor vehicle; limited to jobs involving simple tasks, simple instructions…with only incidental contact with the public.

(Tr. 21). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a collator operator, a routing clerk, and a merchandise marker. (Tr. 30).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on September 17, 2021. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 17, 21).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following points on appeal: 1) The ALJ's determination that Plaintiff's migraines are not a severe impairment is not supported by substantial evidence on the record as a whole; 2) The ALJ failed to adequately evaluate the limitations related to Plaintiff's psychological impairments; 3) The ALJ failed to adequately evaluate Plaintiff's pain; 4) The ALJ inappropriately relied on the absence of a treating physician's opinion; 5) The ALJ failed to apply the correct standard of proof; 6) The ALJ failed to acknowledge the burden shift after determining Plaintiff could not perform her past relevant work; 7) The ALJ's RFC determination is not supported by substantial evidence; and 8) The policies for determining disability are unconstitutionally vague and leave too much discretion to the ALJ. (ECF No. 17). Defendant argues the ALJ properly considered all of the evidence including treatment records and medical opinion evidence, and the decision was supported by substantial evidence. (ECF No. 21).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. The ALJ considered the medical assessments of the non-examining agency medical consultants, Plaintiff's subjective complaints, and her medical records when he determined Plaintiff could perform light work with limitations. With each medical opinion, the ALJ stated how persuasive he found each opinion and articulated the basis

for his finding. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole the Court finds Plaintiff failed to meet her burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012)(burden of persuasion to demonstrate RFC and prove disability remains on claimant). The Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

With respect to the ALJ's Step Five determination, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a collator operator, a routing clerk, and a merchandise marker. *Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

Finally, Plaintiff argues that the entire disability system is flawed because the Social Security Administration's regulations and policies for determining disability are unconstitutionally vague and often result in unequal treatment for similarly situated claimants. (ECF No. 17, p. 23). As addressed in *Holman v. Comm'r, Soc. Sec. Admin.,* No. 1:21-CV-01036, 2022 WL 782564, at *6 (W.D. Ark. Mar. 14, 2022), this argument does not warrant remand as the Court's review is restricted jurisdictionally under § 405(g) to "the evidence upon which the findings and decision complained of are based."

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL

4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

      DATED this 1st day of February 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE